IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. 1:22-cv-1033 |
| v. | ) |
| | ) |
| **HAMPTON UNIVERSITY, et al.,** | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMEMORANDUM OF LAW IN SUPPORT
OF UNOPPOSED MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM**

Plaintiff, John Doe, by and through his undersigned counsel, respectfully submits this Memorandum of Law in support of his Motion for Leave to Proceed Under a Pseudonym (John Doe).

**I.     Introduction**

This case arises out of egregious misconduct by Hampton University ("Hampton") and its officials against John Doe ("John"). He was a 19-year-old Hampton student who was wrongfully suspended barely two weeks after the start of his freshman year and ultimately expelled without credible evidence or reasonable cause. By this Motion, Plaintiff seeks to prevent his identity from being disclosed to the public, excluding only those individuals involved in this case, as the allegations lodged by Defendants against him are of a highly personal and sensitive nature and a remagnified because Defendants used their knowledge of Plaintiff's medical disability and medical history against him in their misconduct.

All Defendants are aware of Plaintiff's identity and would suffer no prejudice by reason of concealing Plaintiff's identity in the Complaint and public records filed with the Court.

**II.     Argument**

Although Fed. R. Civ. P. 10(a) requires that a complaint name the parties, this Court has discretion to allow a party to proceed under pseudonym when necessary. Although "'pseudonymous plaintiffs were once a rarity,' it is [] undoubtedly true that the practice has become increasingly common over the last 50 years." *B.R. v. F.C.S.B., et al.*, No. 21-1005 (4th Cir. November 2, 2021) *citing In re U.S. Off. of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 81 (D.C. Cir. 2019) (Williams, J., concurring in part and dissenting in part). Where "[p]seudonymous litigation undermines the public's right of access to judicial proceedings," this Court has "an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Pub. Citizen*, 749 F.3d 246, 273-74 (4th Cir. 2014).

In some "circumstances, anonymity may be appropriate[.]" *Doe v. Pittsylvania County.*, 844 F.Supp.2d 724, 728 (W.D. Va. 2012). "Party anonymity is a discretionary determination made by the trial court." *Id.* citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit has provided the following five factors to guide this analysis:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> [3] the ages of the persons whose privacy interest are sought to be protected;
> [4] whether the action is against a governmental or private party; and, relatedly,
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 242. "These factors are not exhaustive; other factors may be relevant depending on the specific circumstances of a case." *Pittsylvania County.*, 844 F.Supp.2d at 728 (citing James, 6 F.3d at 238).

Here, John's privacy interest is "sensitive and highly personal" in his personal disability and medical information, weighing in his favor as to element [1], above. Further, requiring John to reveal his identity will further cause John to suffer further mental harm and create a permanent, public record of the baseless and demonstrably false allegations that are at the heart of this matter. [2]. Hampton's defamatory falsehoods have already caused John to suffer humiliation and mental suffering, and revelation of his identity in the present litigation will only increase that harm. Finally, Hampton is not prejudiced from the withholding of John's name in the present case, as Hampton is fully aware of John's identity, making the "risk of unfairness to the opposing party," discussed in element [5], negligible.

This Court also holds the power to require John to identify himself under seal to the Court and Defendants, as necessary. *See ACLU v. Holder*, 673 F.3d 245, 256 (4th Cir. 2011) (recognizing the "core Article III power [] of a federal court to decide a case over which it has jurisdiction" and "those powers necessary to the exercise" of that duty, including powers "necessary to protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority." Obviously, John stands ready to reveal his name under seal to the Court and confirm it to the Defendants.

For all of the foregoing reasons, John respectfully requests permission to proceed in this matter under pseudonym in order to protect his personal and sensitive disability and medical information from disclosure, in order to protect against further damages brought about by additional publicity of Hampton's defamatory lies, and because Hampton is fully aware of John's identity and will not be prejudiced by his proceeding pseudonymously.

Dated:  February 7, 2022                     Respectfully Submitted,

/s/ Michael M. York
Michael M. York VSB 44749
WEHNER & YORK, P.C.
11860 Sunrise Valley Drive, Suite 100
Reston, Virginia 20191
Phone: (703) 476-8000
Facsimile (703) 476-8300
myork@wehneryork.com
*Counsel for Plaintiff John Doe*

Susan C. Stone* (Ohio 0064445)
Kristina W. Supler*  (Ohio 0080609)
KOHRMAN JACKSON & KRANTZ, LLP
1375 E. 9th Street, 29th Floor
Cleveland, Ohio 44114
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
scs@kjk.com
kws@kjk.com
*Counsel for Plaintiff*

*Motion for Admission Pro Hac Vice Pending

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Notice of Motion to Seal Certain Unredacted Documents was filed electronically on this 7th day of February, 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties not receiving service through the Court's electronic filing system will be served by regular U.S. mail.  In addition, hereby certify that the foregoing Motion will be served by overnight or certified mail, return receipt requested, to: Faye Hardy-Lucas, Vice President and General Counsel, Hampton University, 100 East Queen Street, Hampton, Virginia 23668. Parties may also access this filing through the Court's system.

/s/ Michael York